# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

NATHAN WARREN                                                                    PLAINTIFF
ADC #124000

V.                             CASE NO. 3:19-cv-325 JM

RHONDA THOMAS, *et al*.                                                        DEFENDANTS

## ORDER

Plaintiff Nathan Warren, in custody at the Greene County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and application for leave to proceed *in forma pauperis* (IFP), which has been granted. (Doc. Nos. 1, 2, 3).

**I.      Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570.

However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.     Background

Warren explains that in 1997, when he was in his late teens, he pled guilty to carnal abuse. (Doc. No. 2 at 5). He says the sentencing judge told him that his record could be expunged after he completed his term of probation. (*Id*.). Warren further explains that he requested expungement multiple times over the years, but to no avail. (*Id*. at 6). Warren is currently in the Greene County Detention Center; he is awaiting trial in Greene County, Arkansas, on the charge of sex offender failing to register. *State v. Warren*, 28CR-19-693. According to Warren, on November 1, 2019, Judge Richardson told him to bring his requests in the form of a motion through his public defender. (Doc. No. 2 at 6). Warren complains he has "been going their route 23 years" and has received no results. (*Id*.). He challenges his current confinement and the charge against him; he seeks damages, as well as asking that his record be expunged, among other relief. (*Id*. at 7).

## III.     Discussion

The crux of Warren's claim is that he should not be in custody or charged with failing to register because his record should have been expunged and he should no longer be on the sex offender registry. (Doc. No. 2). In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Warren is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. As such, the Court should abstain from entertaining plaintiff's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Warren's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Warren, however, seeks damages. Accordingly, Warren's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Warren's state criminal charges.

2. Warren may file a motion to reopen this case after such final disposition.

3. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order is considered frivolous and not in good faith.

IT IS SO ORDERED this 18th day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE